In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 19-1005

UNITED STATES OF AMERICA,

          *Plaintiff-Appellee,*

*v.*

MATTHEW HOWARD,

          *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 17-cr-81-wmc — **William M. Conley**, *Judge.*

_____

ARGUED NOVEMBER 14, 2019 — DECIDED AUGUST 3, 2020

_____

Before SYKES, *Chief Judge*, and MANION and KANNE, *Circuit Judges*.

SYKES, *Chief Judge*. Matthew Howard was charged with seven crimes relating to possession, receipt, distribution, and production of child pornography. *See* 18 U.S.C. § 2252(a)(2), (a)(4); *id.* § 2251(a). He pleaded guilty to five; the remaining counts—accusing him of producing child pornography in violation of § 2251(a)—proceeded to trial.

The statute mandates a minimum 15-year prison term for "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in … any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." § 2251(a), (e). Howard's case represents a peculiar application of the statute. The videos in question do not depict a child engaged in sexually explicit conduct; they show Howard masturbating next to a fully clothed and sleeping child. In other words, the videos are not child pornography.

The government's theory is that Howard violated the statute by "using" the clothed and sleeping child as an object of sexual interest to produce a visual depiction of *himself* engaged in solo sexually explicit conduct. Over Howard's objection, the district judge submitted the case to the jury with instructions that permitted conviction on the government's theory. The jury found him guilty. Howard appeals, challenging only his convictions on these two counts.

The government's interpretation of § 2251(a) stretches the statute beyond the natural reading of its terms considered in context. Accordingly, the two convictions cannot stand. We vacate the judgment on these counts and remand for resentencing.

## I. Background

In August 2017 law enforcement received a tip about online activity involving child pornography that traced to Howard's IP address. An investigation eventually led to a search of Howard's residence in Madison, Wisconsin. A forensic search of his computer revealed a large collection of child pornography.

A grand jury returned a superseding indictment charging Howard with seven crimes: two counts of producing child pornography in violation of § 2251(a), two counts each of receiving and distributing child pornography in violation of § 2252(a)(2), and one count of possessing child pornography in violation of § 2252(a)(4)(B). Howard pleaded guilty to the five charges involving receipt, distribution, and possession; those convictions are not at issue here. He denied that he had produced child pornography in violation of § 2251(a).

Unlike the typical case under this statute, the videos underlying these counts do not depict a child engaged in sexually explicit poses or conduct. Rather, they show Howard masturbating over a sleeping and fully clothed child.

More specifically, the first video captures a lengthy online chat between Howard and several strangers about their mutual sexual interest in children. This video is about 21 minutes long, and much of it contains the content of this online conversation. Later in the video, the camera on Howard's computer is activated, capturing an image of his nine-year-old niece, fully clothed and asleep on the floor. As the online chat continues, Howard types "excuse me while I be a perv." The video then shows him masturbating several inches above his sleeping niece's clothed buttocks.

The second video is similar, though much shorter—only 23 seconds long. It too shows his niece, again sleeping and fully clothed, with Howard masturbating above her head. After a few seconds, Howard hovers very close to her face, with his erect penis near—and possibly momentarily touching—her lips while she sleeps.

Howard's attorney acknowledged that his client's conduct was reprehensible and perhaps criminal under state law but challenged whether it fell within the scope of § 2251(a). The defense sought a bench trial, but the government objected. The judge was unwilling to compel the government to accept a bench trial, so the case was scheduled for a jury trial on these two remaining counts. Because the content of the videos could not be—and was not— disputed, the outcome turned on the jury instructions, which were extensively litigated.

As noted, the statute mandates a lengthy prison term for "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in … any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." § 2251(a), (e). The definition of "sexually explicit conduct" contains a detailed list of qualifying conduct. 18 U.S.C. § 2256(2)(A). The government relied on two possibilities: "masturbation" and "lascivious exhibition of the … genitals … of any person." § 2256(2)(A)(iii), (A)(v). The videos depict Howard engaged in both kinds of conduct; his niece, as we've noted, is asleep and fully clothed.

A magistrate judge initially proposed jury instructions drawn from the Seventh Circuit Pattern Instructions, adapted for use in this case. The proposed substantive instruction explained that the government had to prove beyond a reasonable doubt that "[t]he defendant, for the purpose of producing a visual depiction of such conduct, knowingly used [his niece] to take part in sexually explicit conduct."

Howard requested several changes: (1) replace the phrase "to take part in," which does not appear in the statute, with the phrase "to engage in," which *does* appear in the statute; (2) move the phrase "for the purpose of producing a visual depiction of such conduct" to the end of the sentence; and (3) define the phrase "such conduct" by reference to the statutory definition of "child pornography," i.e., a visual depiction that "involves the use of a minor engaging in sexually explicit conduct." *Id.* § 2256(8)(A). Putting all these changes together, the instruction proposed by the defense required the government to prove that Howard "knowingly used [his niece] to engage in sexually explicit conduct for the purpose of producing a visual depiction of her engaging in sexually explicit conduct."

The government objected, arguing that § 2251(a) doesn't use the words "child pornography" and therefore isn't limited to persons who create child pornography. In the government's view, Howard could be convicted for producing a video of *himself* engaged in solo sexually explicit conduct so long as he somehow "used" the minor victim to do so. The prosecutor planned to urge the jury to convict him because he "used" his niece as an object of sexual interest for the purpose of making a video of himself masturbating and lasciviously displaying his genitals.

The district judge saw flaws in both the pattern instruction and Howard's proposed modification. He noted the novelty of the case and commented that the government's charging decision "push[ed] the factual envelope" of the statute's coverage. He questioned the government's pursuit of these charges—especially after Howard pleaded guilty to the other counts and was already facing a lengthy prison

6                                                                                        No. 19-1005

term. In the end, the judge settled on compromise language to "track[] as closely to the statutory language as possible."

The final instruction on the elements of the offense stated, in relevant part:

> To sustain either of the charges against the defendant, the government must prove these elements:
>
> (1) At the time charged in the count you are considering, [Howard's niece] was under the age of eighteen years; [and]
>
> (2) The defendant knowingly used [his niece] to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

To reflect the government's theory of the case, the instructions identified the sexually explicit conduct at issue in both counts as "masturbation" or "lascivious exhibition of the genitals … of any person."

Thus, the decisive question of statutory interpretation—whether § 2251(a) requires proof that the defendant did something to cause *a minor* to engage in sexually explicit conduct for the purpose of photographing or filming it—was implicitly answered in the negative. Or perhaps it's more accurate to say that the legal question about the scope of the statute was submitted to the jury as if it were a question of fact.

But of course there were no factual disputes. The trial was quick (just one day), and in closing arguments the

parties debated only whether the undisputed facts came within the scope of the statute.

Howard's attorney argued that although his client's conduct was deplorable and likely criminal in other ways, it fell outside the statute because Howard did not do anything to have *his niece* "engage in" sexually explicit conduct for the purposes of creating a visual image of it. The government argued that the defense lawyer was mistaken about the statute's meaning:

> This isn't about what [his niece] did or didn't do. The law says you look at did the defendant use [his niece] to engage in masturbation, did the defendant use [his niece] to exhibit his genitals. It doesn't say anything about what [his niece] engaged in.

The government urged the jury to find Howard guilty because he "used" his niece in the sense that she was the "focus" of his sexual attraction and "the reason" he masturbated and exhibited his genitals in the videos.

After deliberating for just 20 minutes, the jury found Howard guilty on both counts. He moved for judgment of acquittal or a new trial with proper jury instructions, essentially reiterating his legal argument about the correct interpretation of the statute. The judge denied the motions and sentenced Howard to concurrent terms of 25 years in prison on each count, along with shorter concurrent terms on the counts to which he had earlier pleaded guilty.

## II. Discussion

This odd case raises a novel question about the interpretation of § 2251(a). The statute is titled "Sexual exploitation

8                       No. 19-1005

of children," but it's not a general exploitation crime like those found in state criminal codes. The offense is codified in Chapter 110 of Title 18 with other child-pornography crimes and imposes steep criminal penalties on anyone who produces child pornography with a nexus to interstate commerce.

More specifically, the statute mandates a minimum 15-year prison term for

> *Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in*, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, *any sexually explicit conduct for the purpose of producing any visual depiction of such conduct … .*

§ 2251(a) (emphases added).[1] As Howard reads the statute, a person commits this offense if he takes one of the listed actions to cause *a minor victim* to engage in sexually explicit conduct for the purpose of producing a visual depiction of it.

The government takes a radically different view, arguing that it does not matter whether the minor victim engaged in any sexually explicit conduct. On the government's reading,

---

[1] The statute's jurisdictional element requires that the offender must know or have reason to know that the visual depiction will be transmitted in interstate commerce, use material that has traveled in interstate commerce, or has been transmitted using a means or facility of or affecting interstate commerce. 18 U.S.C. § 2251(a). This element is not at issue here.

§ 2251(a) sweeps much more broadly, covering someone like Howard—who made a video of *his own* solo sexually explicit conduct—*if* the offender somehow "uses" a child as an object of sexual interest.

The government's interpretation is strained and implausible. Indeed, taken to its logical conclusion, it does not require the presence of a child on camera at all. The crime could be committed even if the child who is the object of the offender's sexual interest is in a neighbor's yard or across the street. The government resists the hypothetical by protesting that such "incidental uses" of a child would fall outside the scope of the statute. But nothing in the government's interpretation contains that limiting principle.

The most natural and contextual reading of the statutory language requires the government to prove that the offender took one of the listed actions to cause *the minor* to engage in sexually explicit conduct for the purpose of creating a visual image of that conduct. The six verbs that appear in the statute—"employs, uses, persuades, induces, entices, or coerces"—all describe means by which an exploiter might accomplish the end of having a child engage in sexually explicit conduct in order to capture a visual image of it. That is, they broadly describe the means by which someone might produce child pornography.

The government insists that the verb "uses"—the alternative at issue here—is broader than the other five and is expansive enough to encompass a case like Howard's that does not involve a visual image depicting the minor *herself* engaged in sexually explicit conduct. The word "use" is undoubtedly broad in the abstract, but under the venerable

doctrine of *noscitur a sociis*, a word "is known by the company it keeps," and we must "avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words." *Yates v. United States*, 574 U.S. 528, 543 (2015) (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995)).

Accordingly, the word "uses" in this statute must be construed in context with the other verbs that surround it. When read in this commonsense way, the word has a more limited meaning than the government proposes. *See United States v. Williams*, 553 U.S. 285, 294 (2008) (explaining that the meaning of broad statutory language is "narrowed by the commonsense canon of *noscitur a sociis*—which counsels that a word is given more precise content by the neighboring words with which it is associated"); *see also Lagos v. United States*, 138 S. Ct. 1684, 1688–89 (2018); *McDonnell v. United States*, 136 S. Ct. 2355, 2368–69 (2016). Five of the six verbs on this statutory list require some action by the offender to cause the *minor's* direct engagement in sexually explicit conduct. The sixth should not be read to have a jarringly different meaning. The *noscitur a sociis* canon has force here and constrains our interpretation of the word "uses."

The government also argues that the word "any" preceding the phrase "sexually explicit conduct" signals that *any* person's sexually explicit conduct suffices. Not so. The word "any" as a modifier of "sexually explicit conduct" is a term of expansion, but it doesn't tell us *who* must engage in the sexually explicit conduct. The answer to the "who" question becomes clear when the statutory text is read in context and as a coherent whole rather than seizing on small parts of it and reading those parts in isolation.

No. 19-1005 11

Our interpretation of the statute has the virtue of consistency with the comprehensive scheme that Congress created to combat child pornography. Laws dealing with a single subject, or *in pari materia* ("in a like matter"), "should if possible be interpreted harmoniously." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 252–55 (2012). Here, Congress crafted a comprehensive scheme to prohibit the receipt, distribution, sale, production, possession, solicitation, and advertisement of child pornography. *See United States v. Maxwell*, 446 F.3d 1210, 1216–17 (11th Cir. 2006). This statutory scheme broadly covers material depicting minors engaged in sexually explicit conduct. Specifically, this cluster of statutes penalizes advertising, 18 U.S.C. § 2251(d)(1); transporting, *id.* § 2252(a)(1)(A); receiving or distributing, *id.* § 2252(a)(2)(A); selling, *id.* § 2252(a)(3)(B); and possessing or accessing, *id.* § 2252(a)(4)(B), material involving "the *use of a minor engaging in* sexually explicit conduct." (Emphasis added.) The government's interpretation of § 2251(a) creates an odd statutory mismatch, penalizing the production of material that is not child pornography.

The government counters that the term "child pornography" does not appear in § 2251(a). That's true, but unilluminating. The phrase "child pornography" does not appear in any of the foregoing statutes either.[2] The absence of the term

---

[2] Another statute in this group, 18 U.S.C. § 2252A, broadly prohibits a wide spectrum of activities involving "child pornography," defined as material involving "the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). The definition also covers "virtual" child pornography—computer generated images that appear to involve an actual minor engaging in sexually explicit conduct. § 2256(8)(B), (8)(C).

"child pornography" in § 2251(a) does not explain why the statute would cover such a vastly broader range of visual images than the rest of §§ 2251 and 2252.

The government relies on *United States v. Lohse*, 797 F.3d 515 (8th Cir. 2015), but that case is unhelpful. The defendant there raised a drive-by argument that § 2251(a) "requires either active participation by the minor or active sexual conduct to an unconscious minor by an adult defendant." *Id.* at 521 (quotation marks omitted). The argument was both unpreserved in the district court and poorly developed on appeal. Indeed, the Eighth Circuit could not tell if the defendant was challenging the jury instructions or the sufficiency of the evidence. To the extent that he was raising a claim of instructional error, the court summarily found "no plain error" and said no more about the legal issue. *Id.* That unexplained ruling sheds no light on the interpretive question presented here, which was fully aired in the district court and robustly briefed on appeal.

The government's remaining cases are also unhelpful: all involved visual images clearly depicting minors engaged in sexually explicit conduct. *See United States v. Laursen*, 847 F.3d 1026, 1030 n.2 (9th Cir. 2017) (minor nude and in pornographic poses); *United States v. Wright*, 774 F.3d 1085, 1087 (6th Cir. 2014) (minor nude and masturbating); *Ortiz-Graulau v. United States*, 756 F.3d 12, 15, 18 (1st Cir. 2014) ("sexually explicit photographs" of a minor); *United States v. Engle*, 676 F.3d 405, 411, 418 (4th Cir. 2012) (video of a defendant and a minor having sex); *United States v. Fadl*, 498 F.3d 862, 864 (8th Cir. 2007) (minors "engaged in sexually explicit conduct"); *United States v. Sirois*, 87 F.3d 34, 37 (2d Cir. 1996) (minors "engaged in sexual acts"); *see also United*

No. 19-1005 13

*States v. Finley*, 726 F.3d 483, 488–89 (3d Cir. 2013) ("explicit contact" made with sleeping minor); *United States v. Vowell*, 516 F.3d 503, 507 (6th Cir. 2008) ("various sexual acts" performed on the body of a sleeping and drugged minor); *United States v. Wolf*, 890 F.2d 241, 242 (10th Cir. 1989) (partially nude and sleeping minor).

The government staked its entire case for conviction on a mistaken interpretation of the statute. The parties seem to agree that if Howard's reading of the statute is correct, the judgment on these two counts must be vacated and the case remanded for dismissal of these counts and resentencing on the remaining convictions, which are unchallenged. For clarity, we asked the government's attorney at oral argument if she wanted to retry the case if we accepted Howard's interpretation of the statute. She did not request that opportunity, and we take that as a waiver.[3]

We therefore VACATE the judgment on the § 2251(a) convictions and remand to the district court with instructions to dismiss these counts and revisit Howard's sentence as needed. We AFFIRM the judgment in all other respects.

---

[3] As we've explained, the second video shows Howard masturbating very close to his niece's face while she sleeps and perhaps momentarily touching her lips with his penis. Perhaps this could be characterized as an attempt at oral sex, which might qualify as engaging the child in sexually explicit conduct under a different part of the definition of that term. *See* 18 U.S.C. § 2256(2)(A)(i). But the government did not frame its case in this way in the district court and did not raise this as a possible alternative theory on appeal.