# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.

LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Jessica Arden Ettinger
Anderson M. Gansner
Gabriela A. Leija
Dennise Moreno
Ronnie V. Murray
Tom E. Phillip
Joshua D. Uller
Alexander P. Vlisides
Kelly A. Welsh

22 East Mifflin Street
Suite 1000
Madison, Wisconsin  53703

Telephone 608-260-9900

Facsimile 608-260-9901

September 10, 2021

Honorable William M. Conley
United States District Court Judge
120 North Henry Street
Madison, Wisconsin 53703

> Re:   *United States v. Matthew Howard*
>       Case No. 17-cr-81-wmc

To the Honorable William M. Conley,

In anticipation of sentencing and in support of a ten-year sentence, the defense submits this letter brief. In many ways, this memo is ancillary to the exhibits that follow. They include a beautiful letter from Mr. Howard (Ex. A); one from his mom, and another from his sister, the victim's mother (Ex. B); and a few from those who Mr. Howard has helped and befriended over the past four years in prison. *See* Ex. C. Those letters speak better and more eloquently than anything I can conjure up. And those letters go right to the heart of why a sentence of ten years is appropriate. Given the strength (and length) of those letters, I will make this brief and to the point. There are three reasons the Court should impose a ten-year sentence.

FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.

Honorable William M. Conley
September 10, 2021
Page -2-

First, the Court can look and consider the defendant's post-conviction rehabilitation at resentencing. *See Pepper v. United States,* 562 U.S. 476, 481 (2011). Here, Mr. Howard has done many laudable things: programming, schooling, and working. All of that is commendable. But what's truly remarkable is the person he's become, gaining his sister's forgiveness and new insights into his identity and the need for help. I cannot overstate the significance that his reconciliation with his sister has meant to him and how it's spurred him on to change, nor, for that matter, how much the Urban Ministry Program has affected his growth. I can add nothing to his and his family's words on that topic.

Second, having to try the production counts and the mandatory minimums that attached to them skewed the original sentencing. If it weren't for the fight over those counts, this case would have plead and Mrs. Cage would have been spared the pain of testifying. That is in the past, but it certainly affected the sentencing. *See* Ex. B. With the production counts vacated, it's worth considering how they influenced both the case and the sentence. Those counts not only put the guidelines at LIFE, they also got in the way of Howard and his family healing. By that, I mean: it gave the impression that he was not accepting responsibility and trying to get away with this—even though nothing could be further from the truth. It's worth considering what his sentence would have been if Howard had been able to plead to a distribution count and not fight this case at trial. I submit it would not have been close to twenty-five years.

Third, this Court's original sentence could have been lower *but for* the Court's concerns. The Court was candid about that: "but for uncertainty, I could have justified a lower sentence here." Sent. Tr. at 51. Reading the family's letters and talking with them, I think that is the biggest point that they struggle with in the case. The sentence could have been lower—what drove it higher? what could have lowered it? It's only through experience that a person learns that sentencing is an art, not a science. That is, before the first sentencing hearing there wasn't one additional letter that could have been submitted that would have driven it lower, nor was there a particular point that mandated a more severe sentence. Sentencing is not an algorithm. Instead, there were points that this Court really wrestled with. I don't pretend to know all those points or other arguments I could (or should) have presented to assuage those doubts and alleviate those concerns. I only know that three years later, this much is certain: Howard's contrition is sincere, his transformation is real, and his family's support is unconditional.

Given those realities, a sentence of ten years accords with the § 3553(a) factors. It offers deterrence, protection of the public, and just punishment; and to the extent the

FEDERAL DEFENDER SERVICES
   OF WISCONSIN, INC.

Honorable William M. Conley
September 10, 2021
Page -3-

Court has lingering doubts about the danger Howard poses, he can be placed on supervision for life. But he doesn't need more than a ten years in prison to accomplish all of the other goals of sentencing, especially given the picture of the man that the Court has three years later.

   I have intentionally kept this short. The true measure of who Howard has become is contained in the PSR and everything else that is attached.

   Thank you for your attention to this matter.

                                   Sincerely,

                                   */s/ Joseph A. Bugni*

                                   Joseph A. Bugni
                                   Associate Federal Defender