# United States District Court

## Western District of Wisconsin

UNITED STATES OF AMERICA

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(for offenses committed on or after November 1, 1987)

V.

**Case Number:** 0758 3:17CR00081-001

Matthew Howard

**Defendant's Attorney:** Joseph Bugni

The defendant, Matthew Howard, pleaded guilty to Counts 3 through 7 of the superseding indictment.

Counts 1 and 2 of the superseding indictment have been vacated.

Any remaining charges against the defendant beyond Counts 3 through 7 of the superseding indictment are dismissed.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography, Class C felony | August 17, 2017 | 3 |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Distribution of Child Pornography, Class C felony | April 2016<br>June 2016 | 4<br>5 |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Receipt of Child Pornography, Class C felony | March 2016<br>January 2017 | 6<br>7 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

**Defendant's Date of Birth:** [redacted] 1995

**Defendant's USM No.:** 11035-090

**Defendant's Residence Address:** [redacted]
Madison, WI 53718

**Defendant's Mailing Address:** c/o Federal Correctional Institution
P.O. Box 1000
Milan, Michigan 48160

October 15, 2021
Date of Imposition of Judgment

*/s/ William Conley*

William M. Conley
District Judge

October 18, 2021
Date Signed:

# IMPRISONMENT

As to Counts 3 through 7 of the superseding indictment, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 150 months on each count, with all counts to run concurrently with each other. The sentences imposed on each count also satisfy or exceed the mandatory minimum terms required by statute.

The defendant has participated in vocational training and treatment programming, and I encourage him to take advantage of programming offered within the prison system. I also continue to recommend strongly that the defendant receive sex offender, mental health, and substance abuse treatment, as well as educational and vocational training. I further recommend that the defendant be afforded prerelease placement in a residential reentry center with work release privileges. I recommend that the defendant receive sex offender programming at an appropriate facility, given his needs. I also recommend the defendant receive mental health and substance abuse treatment, including RDAP.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

## RETURN

**I have executed this judgment as follows:**

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ____________________

at ____________________, with a certified copy of this judgment.

______________________________
United States Marshal

By ______________________________
Deputy Marshal

# SUPERVISED RELEASE

A term of supervised release is required by statute. Based on reasons previously discussed, including the defendant's offense and the risk he poses to children and the community at large, the terms of imprisonment are to be followed by concurrent 25-year terms of supervised release on Counts 3 through 7. In light of the nature of the offense and the defendant's personal history, I adopt condition numbers 1 through 27 as proposed and justified in the presentence report, noting that neither party has raised any objections to those proposals.

Although the instant offense is not drug related, mandatory drug testing as set forth at 18 U.S.C. § 3583(d) for supervision cases is not waived based on the defendant's history of drug use. Drug testing has been addressed in special condition number 17.

If, when the defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

---

Defendant is to abide by the statutory mandatory conditions.

**Statutory Mandatory Conditions**

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, ammunition, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

---

Defendant shall comply with the standard and special conditions that have been adopted by this court.

**Standard Conditions of Supervision**

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician;

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame.

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Defendant must allow the supervising U.S. Probation Officer to notify defendant's employers, friends, family, community organizations, and educational and volunteer agencies, where minors reside or regularly spend time, of the risks associated with defendant's criminal history involving a sex offense against a minor.

14) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

15) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

16) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.

17) Participate in substance abuse treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

18) Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination

19) Not possess any visual or audio recording devices.

20) Not possess any depictions of sexually explicit conduct of minors as defined in 18 U.S.C. § 2256(8).

21) Not own, use, or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. Probation Officer.

22) Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.

23) Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. Probation Officer

24) Comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C § 20913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense.

25) As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. Probation Officer and the treatment provider

26) Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. Probation Officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment.

27) Do not to use alcohol to excess. Excess is defined as alcohol use so extensive that it interferes with defendant's responsibilities to family or employer, or it impairs defendant to any degree while driving or on the job.

AO 245 B (Rev. 3/01)(N.H. Rev.) DEFENDANT: MATTHEW HOWARD CASE NUMBER: 0758 3:17CR0081-001 Judgment - Page 6

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

______________________________ ______________________
Defendant Date

______________________________ ______________________
U.S. Probation Officer Date

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | | |
| 5 | $100.00 | | |
| 6 | $100.00 | | |
| 7 | $100.00 | | |
| **Total** | $500.00 | $0.00 | $0.00 |

As to Counts 3 through 7, it is also adjudged that the defendant is to pay a total $500 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing, although it appears that defendant may have already paid $250 toward this obligation.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself upon release from custody.

The final order of forfeiture for the property seized from the defendant remains in effect in accordance with 18 U.S.C. § 2253, as does my finding that the defendant is indigent and, therefore, relieved of the special assessment fees for Counts 3 through 7 otherwise due under the Justice for Victims of Trafficking Act of 2015.

# RESTITUTION

As ordered on February 7, 2019, the court relieved the defendant of his obligation to pay restitution because the victims did not wish to pursue restitution.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.